UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-

RICHARD R. GOLDBERG,

      Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
13-CR-120 (JMA)

**FILED**
**CLERK**

10/26/2020 10:49 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Linda I. Marks
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
  *Attorney for the United States*

Tracey L. Gaffey
Federal Defenders of New York
770 Federal Plaza
Central Islip, NY 11722
  *Attorney for Defendant Richard R. Goldberg*

**AZRACK, United States District Judge:**

Pending before the Court is the motion for compassionate release of defendant Richard R. Goldberg ("Defendant"). (ECF No. 597.) For the reasons set forth below, the Court denies Defendant's motion.

## I. BACKGROUND

### A. Trial and Sentence

On November 5, 2015, a jury convicted Defendant of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and one count of wire fraud, in violation of 18 U.S.C. § 1343, for his role in a scam involving vending machine business opportunities. (ECF No. 328.) This Court sentenced him to thirty-six months of imprisonment followed by three years

of supervised release. (ECF No. 516.) He was also ordered to pay restitution in the amount of $546,487.77 to forty-eight victims. The restitution was joint and several with two of his co-defendants. (Id.) The Second Circuit affirmed his conviction and sentence on appeal. (ECF No. 559.) Defendant began serving his sentence on December 30, 2019. (ECF No. 599-1.)

### B. The Instant Motion

Following the onset of the COVID-19 pandemic, at some point prior to May 14, 2020, Defendant submitted an undated request to the warden of his facility, USP Lewisburg, to seek compassionate release. (ECF No. 599-2.) On May 14, 2020, the warden denied Defendant's motion for compassionate release. (ECF No. 597-1 at 1.)

On August 26, 2020, Defendant, represented by counsel, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 597.) Defendant argues that because he has a body mass index ("BMI") of 40.1 and is therefore, obese, he faces a high risk of severe illness should he contract COVID-19 while incarcerated. (Id.) The government opposes his motion. (ECF No. 599.) Defendant filed a reply on September 25, 2020. (ECF No. 602.)

## II. LEGAL STANDARD

### A. Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

### III.  DISCUSSION

**A. Exhaustion**

The parties do not dispute that Defendant exhausted his administrative remedies.

**B. Extraordinary and Compelling Reasons for Release**

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist."  United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).

Defendant argues that because of his obesity, he has an increased risk of severe illness should he contract COVID-19.  (ECF No. 597 at 9.)  Defendant attaches his BOP medical records which state that he has a BMI of 40.1.  (ECF No. 597-1 at 13.)  The government argues that Defendant's obesity does not entitle him to a reduction in sentence, and that Defendant's "unsubstantiated complaints about the BOP's response to the COVID-19 pandemic, and his concern that he could contract COVID-19 at some point while incarcerated [do not] furnish a basis to meet his burden." (ECF No. 599 at 15, 17.)

Though the Court is sympathetic to Defendant's medical condition, it is by no means certain Defendant will contract COVID-19, particularly in light of:  (1) the protective measures the BOP has taken to curb spread of the disease; and (2) the fact that the number of inmates currently testing positive for COVID-19 at USP Lewisburg is 4.[1]  See United States v. Weingarten,

---

[1]  On October 26, 2020, the number of inmates at USP Lewisburg testing positive for COVID-19 is 4 and the number of staff testing positive for COVID-19 is 1.  To date, 83 inmates and 12 staff have recovered from COVID-19 at this facility.  See Federal Bureau of Prisons, COVID-19 Cases, www.bop.gov/coronavirus (providing daily calculations of confirmed infections) (accessed on October 26, 2020, at 10:20 a.m.).

The Court is aware, however, that the BOP's self-reported numbers "must be treated with great caution," particularly because they may fail to account for asymptomatic transmission.  United States v. Rountree, No. 12-CR-0308, 2020 WL 2610923, at *7 (N.D.N.Y. May 18, 2020).  Accordingly, the Court echoes Judge Caproni's recognition that "[t]here is no question, however, that universal testing, apart from informing individual treatment decisions, would

4

No. 08-CR-571, 2020 WL 2733965, at *3 (E.D.N.Y. May 26, 2020). As the Third Circuit has observed, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see also United States v. Morales, No. 94-CR-112, 2020 WL 4926609, at *4 (D. Conn. Aug. 20, 2020) (finding that "the mere existence of COVID-19 cases does not reflect that BOP is incapable of managing the pandemic within its facilities or otherwise entitle [defendant] to relief" and denying compassionate release to defendant housed at USP Lewisburg with BMI over 40 and diabetes).

The Court acknowledges that Defendant's obesity places him at a heightened vulnerability for experiencing complications were he to contract the virus. However, courts have denied compassionate release motions by defendants with obesity. See United States v. Mavumkal, No. 17-CR-654, 2020 WL 4365279, at *1 (S.D.N.Y. July 30, 2020) (denying compassionate release to 33 year-old defendant with severe obesity, diabetes, and high cholesterol); United States v. Bayfield, No. 14-CR-356, 2020 WL 2615937 (E.D.N.Y. May 21, 2020) (denying compassionate release to 48 year-old defendant convicted of bank and wire fraud with obesity and hypertension). Even if the Court were to assume, arguendo, that Defendant's "medical conditions put him at higher risk than the average inmate" to the effects of COVID-19, the relevant sentencing factors do not support a reduction of his sentence, as explained below. United States v. Carter, 18-CR-390, 2020 WL 3051357, at *3 (S.D.N.Y. June 8, 2020).

---

significantly aid efforts to detect and isolate infected individuals in order to reduce transmission in group settings." United States v. Rodriguez, No. 17-CR-157, 2020 WL 3051443, at *2–3 (S.D.N.Y. June 8, 2020).

## C. Consideration of Section 3553(a) Factors

The Section 3553(a) sentencing factors weigh against granting compassionate release.[2] This Court sentenced defendant to thirty-six months imprisonment and ordered him to pay $546,487.77 to forty-eight fraud victims. Granting his motion would mean that Defendant would serve under 30% of his original sentence and less than one year of incarceration. Compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct—including his co-defendants who worked at Vendstar. A reduction of the Court's original sentence would also fail to reflect the seriousness of the offense Defendant committed and would not provide a just punishment for his conduct. It would also undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.[3]

---

[2] These factors are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) [the kinds of sentences and sentencing range provided for in the USSG]
  (5) any pertinent [Sentencing Commission policy statement]
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[3] Defendant requests that the Court grant him compassionate release and "reduce his term of imprisonment, and order that he serve up to the balance of the term on home confinement as a special condition of supervised release." (ECF No. 597 at 7.) The Court has considered whether to recommend to the BOP that Defendant serve his sentence under home confinement until the risks from the COVID-19 pandemic have decreased. See United States v. Stahl, No. 18-CR-694, 2020 WL 1819986, at *1–2 (S.D.N.Y. Apr. 10, 2020) (making a recommendation for temporary release to home detention but recognizing that such a decision "is committed to sole discretion of the BOP.") The Court, however, finds that such a recommendation is inappropriate at this time. As explained earlier, there are currently 4

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.  This application is denied without prejudice to its renewal should Defendant's condition or the situation at his facility materially worsen.

**SO ORDERED.**

Dated:  October 26, 2020
        Central Islip, New York

                                            /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE

---

inmates testing positive for COVID-19 at USP Lewisburg.  If the situation at Defendant's facility were to substantially worsen, Defendant is free to renew his request to the Court for such recommendation.